The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning ladies and gentlemen. We have six cases on our calendar this morning. Five are being submitted on the briefs and one is being argued. That one is Uniloc 2017 LLC versus Facebook 2019, 1688, and 1689. Mr. Stephens, please proceed when you're ready. Thank you, Your Honor, and may it please the court. This is Jeffrey Stephens for PatentOwner, Uniloc 2017 LLC. I'd like to start by pointing out that LG is no longer a party to this appeal. Facebook and WhatsApp, which I'll collectively refer to as Facebook, should not be presenting argument on Claims 1 through 6 and 8. Although LG and Facebook filed a combined brief, there's no dispute that Facebook and WhatsApp were properly held by the board to be stopped from challenging Claims 1 through 6 and 8. Mr. Stephens, I have a couple of questions for you. This is Judge Wallach. On page 22 of the blue brief, you contend, I'm quoting, although COFAX is not designated precedential by the PTAB, the PTAB's failure to even address Uniloc's arguments regarding COFAX, which is a case naming Uniloc as a party, raise actions, raise issues of due process and fairness due to the unexplained inconsistent treatment of the circumstances in different cases. You didn't cite any authority for that proposition. Do you have any? No specific authority, Your Honor. I think the argument is one of fairness. The patent owner here pointed out a situation in which, in another case, where the board looked at the fact that there were three parties together challenging a patent and that on that basis they were real parties in interest of each other for that purpose. Okay, I asked you for authority. Let me ask you another one. On page 27 of the blue brief, you construction, the board's decision to allow the challenge in Dependent Claim 7 to proceed would render meaningless the acknowledged estoppel applicable to Independent Claim 1. You didn't cite any authority for that proposition. Do you have any? I'm asking about legal authority, not argument. Well, I believe even under principles of collateral estoppel, that would be the case, Your Honor. We did cite authority, right, that when one claim, an independent claim, is shown not to be obvious, then the dependent claim are necessarily not shown to be obvious either. So that's the authority that we have for that, and to allow Facebook and WhatsApp to then challenge Claim 7 would render that meaningless simply because they would be allowed to and required to make a showing for Claim 1 that they're stopped from making it. Okay, thank you. This is Judge Chen. I'm sorry, go ahead, Judge on counsel's response to Judge Wallach. In this particular instance, though, if Facebook persists in attacking Claim 7, it's not attacking Claim 1. It's not anything, any challenge to Claim 7 wouldn't require the board to announce that Claim 1 is invalid. Is that right? Well, they would have to determine that. I'm just asking a question. It's a claim-by-claim analysis, so if Facebook is attacking Claim 7 and succeeds, that wouldn't necessarily automatically render Claim 1 invalid. Am I right? I think Claim 1 would still be a valid claim. I guess, I mean, the issue is the claim scope, that all elements of Claim 1 are included in Claim 7, and to show that obviousness of Claim 7... The PTO would issue a certificate, right? The board would issue a certificate concluding that Claim 7 is unpatentable, but it wouldn't make any comment in that certificate about Claim 1. Is that right? Well, it would be, but by extension, by virtue of the scope of those claims, it may or may not list it as a claim, but I don't believe the statute is limited in that respect. It's with respect to a claim and... In the certificate, in the that the PTAB would be issuing, it would cancel Claim 7, but it wouldn't comment about Claim 1. Am I right? I presume that that's how it would work. Yes, Your Honor. Mr. Stephens, this is Judge Lori. Let's get straight with what this case is about. Did you say that LG is not part of this appeal? That's correct, Your Honor. Well, except for Claim 7, the other parties are stopped, are they not? So, are you saying that all the claims except... none of the claims except for Claim 7 are before us? They should not be, Your Honor. The patent owner seeks to reverse the judgment on all the claims, but there is no party here arguing in favor of the board's judgment with respect to Claims 1 through 6 and 8 because LG is no longer a party. But that doesn't mean it wins, does it? We still have to make a decision. Or is there no longer a case of controversy? Well, there is still a case of controversy, Your Honor, because the patent donor, appealing from a judgment of the agency, still, you know, it has the right to overturn the judgment based on the, you know, its patent rights that have been adjudicated by the board. Mr. Stephens, just following up on the withdrawal of LG as a party in this appeal, am I understanding it correctly that LG itself did not file that motion to withdraw? It was your side that filed that motion? We did file the motion. Can you explain that? Why is it that Unilock was the one that filed the motion speaking to withdraw another party here, LG, from the appeal? I didn't quite understand why LG wasn't speaking for itself. Well, Your Honor, I think it's probably mostly just from a practicality standpoint. Unilock entered a settlement with LG and, you know, LG at that point wouldn't necessarily want to be doing any more than it needed to to get out. So Unilock really, I would say, as a favor to LG, put the paperwork together, but LG was not opposed and Unilock could have, you know, demanded that LG do it, but there's really nothing more to it than that. You may proceed further, Mr. Stephens. Yes, Your Honor, thank you. I would like to talk about LG and its motion to join Facebook's petition here. LG tied its interest up with with Facebook's in requesting to join Facebook's IPR and we contended in so doing LG became a real party. Is this an issue that's reviewable by Congress? I, we contend that it is, Your Honor, yes. So the other... Are you familiar with our decisions, Facebook versus Windy City and credit acceptance? I'm more familiar with the ESIP decision, Your Honor, that the other side brought up in their, in their brief. I have some familiarity with Facebook. Okay, well, credit acceptance versus Westlake services and Facebook versus Windy City innovations are absolutely critical, decisive authority from this court on the questions of whether Joindr and Estoppel here, in your case, are Well, I guess we're certainly not challenging whether or not LG could have been joined. You're making an Estoppel argument, right? Yes, Your Honor. Okay, well, given your unfamiliarity with credit acceptance, why don't we just go ahead and assume for purposes of the remainder of this argument that this is an issue that's reviewable by us. Why is LG necessarily a stop here? Thank you, Your Honor. I would like to request, if I may, if it would help the court to do some supplemental briefing on the reviewability of that question, which was not not raised by any other party. Counselor, you're responsible for knowing the law and fully presenting the law to us and being prepared to respond on it. I don't see why supplemental briefing would be appropriate. You're supposed to make your case the first time. Before you go, let's just, why don't you go ahead and give us a very short answer on what is it that happened here that is evidence that LG was impermissibly seeking some second bite at the apple in attacking your client's patent here by participating in this IPR that is on appeal? Well, Your Honor, the crux of it is that LG could see exactly what was going on in terms of Facebook having joined the previous Apple IPR when they voluntarily chose to tie up their interests with Facebook in this IPR, so they don't merely have a common interest with Facebook. They formalize that interest by joining Facebook as a co-party, gaining the ability to control these proceedings as a co-party, and in so doing, they could have seen and should have known that, you know, when Facebook, when the judgment came down in the earlier IPR to which Facebook had joined, that Facebook would be stopped, and so in tying their interests in that way... Here, let me try again. Let me try again. For Facebook as a party, I think we can all see how the estoppel worked against them here in this proceeding, because given that Facebook joined the Apple IPR, and that Apple IPR reached a conclusion that the claims were, in fact, patentable, not unpatentable, then Facebook here, if it were to maintain this IPR, it would be impermissibly getting a second bite at the apple and trying to attack these claims, and so the patent board shut Facebook down and said, no, you are estopped under Section 315. Fine. That's Facebook. Now we have LG. LG did not participate in the Apple IPR. As far as I know, LG has never before tried to attack the validity of these claims, so what I'm trying to understand here is just how is it that LG, by seeking to maintain its role in this IPR, was impermissibly getting a second bite at the apple? Do you see the question? I do. That is the question I was attempting to answer, which is that, you know, that the statute says that the petitioner or its real party in interest or privy of the petitioner may not request to maintain a proceeding with the patent. That's the question I really could have raised, and LG became a real party in interest or privy of Facebook in seeking to join this IPR and tying its interests up with those of Facebook in a formal manner in this proceeding. It's the same as if Facebook and LG had gotten together and said, let's together challenge this patent. There really shouldn't be any difference that LG came around later and, you know, at request to join her after Facebook had already filed this petition. Either way, they would be getting around the statute. I mean, essentially, Facebook could rope anyone in to, you know, take over for it once it became stopped, and so LG becomes... Is there any evidence in this record that Facebook recruited LG or roped LG in to this IPR? No, Your Honor, not that I am aware of, but it's an illustration of, you know, the intention of the statute, the estoppel statute, and how it, you know, could potentially be circumvented if it's not given the meaning that we think it has, which is that, you know, Facebook... LG is a real party and interest or privy of Facebook by joining together with it in this IPR, and it can't be, you know, surprised that, you know, Facebook is estopped, and by tying its interests together, it therefore, you know, shouldn't be surprised that it also is estopped from pursuing those same claims, even if it did not directly participate in the proceeding. I would like to reserve a little of my time for rebuttal. You have used it up, but we will give you two minutes for rebuttal. In the meantime, let's hear from Mr. Morton. Thank you, Your Honor. May it please the Court. This is Philip Morton on behalf of the Apple Leafs, Facebook, and WhatsApp. I'd like to address the issue of the second bite at the apple that is... that it keeps being referred to here. Mr. Morton, this is Judge Chun. Since you're not representing LG, and you can't possibly be representing LG, what issues that are pending in this appeal can you actually address? What is the scope? What are the boundaries on what you can argue today? Well, well, Your Honor, you know, we believe that we can argue at a minimum that Facebook can proceed on Claim 7 of this patent, and also the claims in the 1428 appeal, claims 9 through 12, 14 through 17, 25, and 26, but we also believe we can still address the the issues of LG's, you know, the arguments about LG being a stop here. Can you explain why? Because, just to be honest, I don't see how you can. That would be LG's interest, and LG is settled out of this case, and is no longer a party here, so... and you are stopped from challenging anything related to Claims 1-6 and 8, and the LG estoppel question is part and parcel of whether the board correctly rendered a final written decision on Claims 1-6 and 8. Yes, I understood, Your Honor. I understand that we cannot address the merits of Claims 1 through 6 and 8, but with respect to the arguments that Facebook was, you know, in privity with LG, you know, Unilock has, you know, argued with respect to Claim 7 that we're estopped as well. Yes, I don't dispute you can, you know, argue and defend that position, but just because you say you can defend the board's decision on LG not being itself. Well, Your Honor, you know, as I said, we can't contest the merits on Claims 1 through 6 and 8, but we can for Claim 7, and the way this has been argued by Unilock, the estoppel issues are all bound up together, so... Let's assume for the moment I disagree with that, that there are two separate estoppel arguments, one with respect to you and Claim 7, and second one with respect to LG and Claims 1-6 and 8, and that I can see how it was clearly defined that way throughout the proceeding. So why can you argue in defense of LG avoiding the estoppel in this proceeding? Well, I can argue it as it relates to Claim 7, certainly, and I'm happy to proceed on that basis, Your Honor. I understand your disagreement on Claims 1 through 6 and 8. Okay, it sounds like we understand the boundaries of the scope of your argument. Go ahead. Okay, thank you, Your Honor. So Facebook is not estopped on Claim 7. The plain language of the statute is clear that estoppel runs to the individual claims and not to the, you know, to other claims that are in the patent, and that's clear in 315. I'm sorry, before you begin, does Facebook concede that this is reviewable? Yes, Your Honor. So when we filed our brief, the Windy City versus Facebook decision that was issued in September 2020 had not issued yet, but given the court's ruling there, we do agree that, or we're not contesting in this action, that this is reviewable. How come you didn't file a 28J letter? I mean, you're Facebook, right? The name of that case is Facebook versus Windy City. It goes directly to the heart of your argument in your red brief against reviewability in this appeal. Yes, Your Honor. In hindsight, we probably should have done that, and we'll take note to make sure that happens in the future. So proceeding, you know, as I was saying, Facebook is not stopped on Claim 7. Validity is determined on a claim-by-claim basis. That's clear from 35 U.S.C. 282A. The concerns about, you know, this being a, you know, a piecemeal petition or an end run around the estoppel, you know, that just doesn't apply here. You know, the facts are that LG did not, LG filed its own independent petition before Facebook's petition in the 1427 and 1428 IPRs was instituted, and LG filed this before any estoppel issue had been raised within the December 4, 2017 institution decision in the Facebook IPRs. Uniloc chose not to move forward, not to raise any issues of estoppel as it relates to LG until March 23rd, which was after the LG IPR had been instituted on March 6th, and after the Uniloc patent owner responsive that was issued in December of 2017. Uniloc never argued anything about there being any estoppel here. The timeline is clear that LG's petition was independent of Facebook's. There's no evidence in the record that LG and Facebook- Why are you talking about LG? I'm talking- Your Honor, I'm speaking to the- And whether you are stopped from maintaining this IPR with respect to your challenge to claim seven. Okay, well, I'm speaking about the history here. I can move on from that if you like, Your Honor. So, with respect to there's an argument here that Facebook should have added this in the Apple IPR, the 225 IPR that Facebook had joined, but as this court's decision in Windy City, 973 F 1321 held, Facebook could not have added new issues to that IPR. And, Your Honor, that's the argument I have on claim seven, unless you have any other additional questions. Then proceed, Mr. Morton, with the rest of your argument. Okay. If you have any. Well, with respect to estoppel, I do not. And then, you know, with respect to the merits of claim seven in the 1427 IPR and claims nine through 12, 14 through 17, 25 through 26 of the 1428 IPR, you know, we think the briefs lay out in great detail why the decisions of the board should be affirmed. And so, if Your Honors have no questions about that, I yield the rest of the time. All right. Thank you, Mr. Morton. Mr. Stevens has two minutes for a rebuttal. Thank you, Your Honors. This is Jeffrey Stevens for Patent Owner. I wanted to clarify. I know Petitioner's Counsel was not, was straying somewhat from the argument, but it did go into the timeline somewhat. I wanted to correct that the petitioners acknowledged in their brief that the patent owner had raised an argument previously as to the estoppel of LG. That argument was raised in the patent owner's response in the 1427 IPR. The board, inexplicably, in their decision on the request for rehearing, stated that this was the first time that that patent owner had argued, that he had argued that LG was estopped as a real party in this just for privy, but that in fact was not not true. The LG brief says this is harmless error, but if you look at the board's rehearing decision, it's very clear that the board is viewing this in the context of a request for rehearing, is viewing it with its mistaken understanding that this is the first time the argument had been presented, and as such required, you know, Uniloc to meet some burden to show that LG was a real party in interest or privy, when in actuality that burden, once the issue has been raised by Uniloc, has fallen to LG to show that it was not a real party in interest or privy of Facebook, and so that is apparent from the way that the board approaches and addresses the arguments from the decision on the request for rehearing, and I will stop there. Thank you. Thank you. We have your argument, but before we conclude, I'd like to ask my colleagues whether either of them wishes supplemental briefing on credit acceptance in Facebook? This is Judge Wallach. Not at all. Thank you. No, thank you. All right. We will not need supplemental briefing. Thank you. The case is taken under submission. The hearing is adjourned until the next hearing at 10 a.m.